Okey, J.
There is some conflict in the testimony, but it can serve no useful purpose to discuss the evidence in the report of a case. The facts established by the clear weight of testimony are as set forth in the foregoing statement.
Counsel for plaintiff in error have insisted, from some expressions in the testimony of the agent, Parker, that at the time he consented to the assignment of the policy to Wall, he was not informed that Gillespie had already taken a mortgage on the Champaign county land in lieu of his mortgage on the mill; and it is urged that the company was in this way improperly deprived of its right of subrogation, and hence there should be no recovery in this action. But we are of opinion that the agent consented to the assignment with full knowledge of all the facts, and therefore we are relieved from any consideration of the doctrine of subrogation.
The strongest objection to a recovery, no doubt, is, that the property was sold and conveyed to Wall; that Gillespie accepted a mortgage from Hamilton, on a farm in Champaign county, in lieu of his mortgage on the mill; ■that this was done without the knowledge or assent of the insurance company or its agent; that by the terms of the policy it became void when there was a change in the title or possession of the property; and that where a policy is *633 terminated in this way without notice to the insurer, and without his fault, such insurer may retain the unearned premium; so that there would be no consideration for the agreement with Wall. We need not decide how tenable, under other circumstances, this position might be; for, as we have seen, Wall desired insurance on the property, and it was quite immaterial to him whether he obtained it through a new policy or by an assignment of the policy issued to Gillespie. The exact condition of the property —the conveyance to Wall and the new mortgage to Gillespie—was fully explained to Parker, the agent, and with such knowledge he agreed that Gillespie’s policy, when assigned to Wall, should have the force and effect of a new policy. Wall, believing Parker’s statement that this was the proper course, relied and acted on it. Under such circumstances, however the transaction may be viewed, it is very clear that the company is estopped to deny such act of its agent. Wood on Insurance, sec. 407; Pratt v. New York Central Ins. Co., 55 N. Y. 505; Ætna Ins. Co. v. Olmstead, 21 Mich. 246. This, of course, is opposed to Cockerill v. Cincinnati Mut. Ins. Co., 16 Ohio, 148. But that case, holding that verbal agreements with respect to insurance are invalid, is virtually overruled in the Dayton Ins. Co. v. Kelly, 24 Ohio St. 345. And see Belief Fire Ins. Co. v. Shaw, 94 U. S. 574; Wood on Ins. 10; May on Ins. 41; Flanders on Ins. 118.
There was no necessity for a reformation of the policy. As to the mistake on the face of the instrument, that the risk commenced in 1876 and terminated in 1877, the error is apparent from other parts of the instrument and the time of'its delivery. Manifestly, 1875 and 1876 were intended; and, indeed, this is admitted. By the application of the plainest principles, such mistakes will be disregarded. Wood on Ins., sec. 207. Nor is it necessary to reform the instrument so as to apply to the interest of ■ Wall as owner. There was no mistake. It was agreed .that the policy should stand for the interest of Wall as *634 owner, and the facts, showing how the liability arose, are fully stated in the petition.

Motion overruled.